(71 App. Div. 616.)

SCHEFTEL v. VIRGINIA HOT SPRINGS CO.

(Supreme Court, Appellate Division, First Department.   April 11, 1902.)

1. PLEADINGS—COMPLAINT—MOTION TO MAKE DEFINITE.

Where, on the facts alleged, plaintiff's cause of action may be based on contract or tort, and defendant is uncertain whether plaintiff claims on either or both, a motion to make the complaint definite, so as to show on which plaintiff claims, should be granted.

Hatch and Laughlin, JJ., dissenting.

Appeal from special term, New York county.

Action by Herbert A. Scheftel against the Virginia Hot Springs Company. From an order requiring the complaint to be made definite, the plaintiff appeals. Affirmed.

The following is the opinion of the court below (Dugro, J.):

"The plaintiff concedes that in such a case as his a cause of action may be based upon contract or tort, and defendant claims that it is uncertain whether plaintiff claims upon either or both. Plaintiff states that he claims upon tort. It seems to me, in view of the words used by the plaintiff in stating his cause of action that he should make his complaint definite by alleging therein that which he states in his brief; i. e., that his action is upon tort. Motion, so far as it is to obtain this relief, granted. Order to be settled on notice."

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

W. L. Cahn, for appellant.

J. S. Shepard, Jr., for respondent.

PER CURIAM.   Order affirmed, with $10 costs and disbursements, on the opinion of the court below.

HATCH and LAUGHLIN, JJ., dissent.

---

(74 App. Div. 278.)

NEWELL v. HALL.

(Supreme Court, Appellate Division, First Department.   July 8, 1902.)

1. CONTEMPT—ORDER TO RESTORE MONEY—REFUSAL TO OBEY—POWER OF COURT.

A receiver was appointed in an action, who collected and paid over certain money to the plaintiff. Subsequently the order appointing the receiver was set aside, and plaintiff ordered to return the money to defendant, which he refused to do. Code Civ. Proc. § 14, subd. 3, provides that a court has power to punish by fine or imprisonment, or both, a party to the action, for the nonpayment of a sum of money ordered by the court to be paid, in a case where by law execution cannot be awarded for the collection of such sum; and subdivision 8 provides that such punishment may be imposed in any other case where an attachment or any other proceeding to punish for a contempt has usually been adopted to enforce a remedy or protect the right of a party.   Section 779 provides that, when a sum of money ordered to be paid is not paid within the time fixed therefor, an execution against the personal property of the party required to pay may be issued, but that nothing therein contained shall be construed to relieve a party